QUESTIONS: 1. What vote is necessary for adoption of an ordinance, resolution, or motion under consideration by the board when six members of the Dade County Board of County Commissioners are present at a meeting? 2. Would the answer to question 1 be different if two of the members present at the meeting abstained from voting? 3. Would the answer to question 1 be different if one of the six members present at such meeting was temporarily absent from the meeting at the time of the vote on a particular matter? 4. Would the answer to question 1 be different if two of the six members present at such meeting were temporarily absent from the meeting at the time of the vote on a particular matter?
SUMMARY: When six members of the Dade County Board of County Commissioners are present at a meeting, the affirmative votes of at least four members are necessary for the adoption of an ordinance, resolution, or motion. An abstention by one or more members present at such a meeting would not change the number of affirmative votes required for adoption of a matter before the commission. During the temporary absence of a member from a meeting, such member should be regarded as being present and the meeting should either be recessed or any vote should be postponed until the temporarily absent member can return. If a member in attendance at a meeting is called away and is unable to return to the meeting, the minutes should reflect the point at which he departed and — if the remaining members constitute a quorum — the meeting should continue. AS TO QUESTION 1: Section 1.08 of the Dade County Charter provides: No action of the Board shall be taken except by a majority vote of those present at a meeting at which a majority of the Commissioners then in office is present. (Emphasis supplied.) And s. 2-1(1.10) of the Dade County Code states: No ordinance, resolution or motion shall be adopted by the commission without the affirmative vote of the majority of all the members present. (Emphasis supplied). Pursuant to the foregoing, when only six of the seven members of the Dade County Commission now in office are present at a meeting, an affirmative vote of at least four of the members present is required for the adoption of any ordinance, resolution, or motion. AS TO QUESTION 2: The answer to question 1 would be unchanged by the abstention of two of the six members present. The Charter and Code provisions quoted above clearly require an affirmative vote of a majority of the members present, which — in the case of six members — would require four affirmative votes. When, as here, the requirement is a majority of those present — as opposed to a majority of those voting — it is irrelevant whether those who do not vote in the affirmative cast a negative vote or no vote at all. As noted in AGO 073-141: In determining whether the action would be otherwise valid, it might be noted that, under standard parliamentary procedure, a quorum always refers to the number of members present and not to the number voting; and the number of affirmative votes required to adopt a particular official action cannot be reduced by the failure of members to vote. Accord: Sturgis Standard Code of Parliamentary Procedure, p. 54. With respect to the right to abstain from voting, it should be noted that — with the exception of situations where there is or appears to be a conflict of interest — a member of a public body is prohibited by s. 286.012, F.S., from abstaining from voting at a meeting at which he is present. Attention must also be given to s. 112.3141, F.S., as amended by Ch. 74-177, Laws of Florida, which now provides: No public officer shall be prohibited from voting in his official capacity on any matter. However, when the matter being considered directly or indirectly inures to the public officer's particular private gain, as opposed to his private gain as a member of a special class, or creates a conflict between such officer's private interests and his public duties, he may abstain from voting on the matter and shall file a statement explaining the conflict with the appropriate officials. Reading ss. 286.012 and 112.314, supra, together, it is clear that an abstention is permitted — but not required — only when there is or appears to be a conflict of interest. However, there are no sanctions provided by the statute itself for violation of s. 286.012 by an abstention which does not come within the exception. AS TO QUESTIONS 3 and 4: Inasmuch as they are interrelated, questions 3 and 4 will be discussed together. Section 286.012, F.S., provides in pertinent part: No member of any state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling or act, and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is or appears to be a possible conflict of interest . . . . (Emphasis supplied.) With the sole exception of situations involving an actual or apparent conflict of interest, the foregoing language clearly requires each member of a governmental body to vote on each matter that comes before such body during the course of a meeting at which he is present. And I am of the view that this clear statutory duty may not be avoided by the "temporary" absence of a member during the vote on a particular matter which comes before the body of which he is a member during a meeting at which he is present. The meaning of the word "present" includes "being within reach, sight, or call . . . being in view or at hand" (see Webster's Third New International Dictionary, p. 1793); and so long as a member in attendance at a meeting is sufficiently nearby that he can be reached or called or is "at hand" — even though he may have physically absented himself temporarily from the room in which the meeting is taking place — I have the view that he must be considered as being present for the purpose of the requirements of s. 286.012, supra, as well as for all other purposes. A member of a governmental body, such as a board of county commissioners, is expected to attend and remain at meetings of the body of which he is a member, barring an emergency or other matter beyond his control which compels his present elsewhere. And when some necessity compels the temporary absence of a member of such a body during the course of a meeting, the appropriate procedure would be to recess the meeting until the member can return or, at least, to postpone a vote on any matter before the body until his return. In those instances in which a member is called away from the meeting for a purpose which makes it impossible for him to return, the minutes of the meeting should reflect the point at which it became necessary for that member to cease to participate in that meeting and — if the remaining members constitute a quorum — the meeting should continue. Accordingly, if at a meeting attended by six members of the Dade County Commission, one of the members were to be compelled to leave the meeting and be unable to return, the remaining five members present would constitute a quorum and could continue the meeting. Under such circumstances — with only five members present — three affirmative votes would be sufficient to adopt an ordinance, resolution, or motion. In the event that two members in attendance at such a meeting were required to leave the meeting and be unable to return, the remaining four members present would — under the present circumstances where only seven commissioners are in office — constitute a quorum and could continue the meeting; in which case three affirmative votes would be necessary for adoption of a matter before the board. Where eight or nine commissioners are in office, the departure from a meeting by one or more commissioners which left only four members present would require that the meeting be adjourned, because under those circumstances the remaining four members would not constitute a quorum.